# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY MORIN, | ) | |
| Plaintiff, | ) | Civil Action No. 11-249 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| MAJOR SMITH, | ) | Magistrate Judge Baxter |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that the instant civil rights action be dismissed due to Plaintiff's failure to prosecute this action.

**II.     REPORT**

**A.  Relevant Procedural History**

This case was filed in this Court by way of removal by Defendant Smith on October 21, 2012.

By Order dated November 30, 2011, this Court scheduled a Case Management Conference for December 12, 2011, and ordered the parties to conduct a Rule 26(f) meeting prior to the Conference.  ECF No. 3.

Plaintiff failed to appear for the December 12, 2011 conference, although Defendant's counsel appeared in person.  See ECF No. 4.

By Order dated December 13, 2011, Plaintiff was directed to show cause for his failure to engage in the Rule 26(f) meeting and for his failure to appear at the Case Management Conference.  ECF No. 6.  The Order warned that Plaintiff must show cause before December 27,

1

2011, or risk dismissal of this action for failure to prosecute. As of today's date, Plaintiff has not responded.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter in October, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has ignored two orders of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See <u>Brightwell v. Lehman</u>, 637 F.3d 187, 194 n.7 (3d Cir. 2011); <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

<u>S/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 6, 2012